**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

---

**ALFA MUTUAL INSURANCE CO. as
SUBROGEE of Noel and Sandra Forsythe,**
2108 East South Blvd.
Montgomery, Alabama 36116.
                    *Plaintiff,*

    v.

**JONES STEPHENS CORP.,**                      CIVIL CASE NO.:
50 Keystone Blvd. East
Pottsville, PA 17901

        and

**COASTAL NINGBO HARDWARE
MANUFACTURING CO., LTD.**
#28 Tianlongshan Rd.
Beilun District, Ningbo City
Zhejiang, China

        and

**WATTS REGULATOR CO.**
815 Chestnut Street
North Andover, MA  01845

        and

**NINGBO BEST METAL &
PLASTIC MANUFACTURING CO., LTD,**
Danang Industry Zone
1103. No. 218 Dieyuan Road : Ningbo P.R.C.3, China
                    *Defendants.*

---

## COMPLAINT

PLAINTIFF, Alfa Mutual Insurance Company as Subrogee of Noel and Sandra Forsythe,

by and through its undersigned counsel, hereby demands judgment against the above-named

Defendants and, in support thereof, alleges the following:

**PARTIES**

1.      Plaintiff, Alfa Mutual Insurance Company as Subrogee of Noel and Sandra Forsythe (hereinafter "Alfa Insurance") is a corporation organized and existing under the laws of the State of Alabama with its principal places of business located at 2108 East South Blvd., Montgomery, Alabama 36116.

2.      At all times relevant hereto Alfa Insurance was duly authorized to engage in the business of insurance in the State of Alabama.

3.      Alfa Insurance provided homeowners insurance to its insureds, Noel and Sandra Forsythe (the "Forsythes") for the property they owned and resided in located at 563 Hamilton Hills Court, Auburn, Alabama 36830 (hereinafter the "subject property"), under a policy of insurance that was in full force and effect at all relevant times.

4.      As a result of the claims made on said policy and payments made pursuant thereto, Plaintiff became subrogated to the rights, claims and interests of the Forsythes for any monies paid thereunder, including the claims giving rise to the within causes of action.

5.      At all relevant times hereto, the Forsythes were adult individuals who resided at or owned the subject property.

6.      Defendant, Jones Stephens Corporation (hereinafter "Jones Stephens"), was upon information and belief and at all times material hereto, a corporation duly organized and existing under the laws of the State of Alabama, and holding itself out as regularly conducting in and having a principal place of business located at 50 Keystone Blvd. East, Pottsville, PA17901.

7.       Defendant Coastal Ningbo Hardware Manufacturing Co., Ltd. (hereinafter "Coastal Ningbo") is a Chinese company with its principal place of business located at #28 Tianlongshan Rd., Beilun District, Ningbo City, Zhejiang, China.

8.      Defendant Watts Regulator Co. is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts having a principal place of business located at 815 Chestnut Street, North Andover, Massachusetts 01845 and was authorized to do and in fact did conduct business within the state of Pennsylvania.

9.      Defendant Ningbo Best Metal & Plastic Manufacturing Co., Ltd. (hereinafter "Ningbo Metal") is a Chinese corporation with its principal place of business located in Danang Industry Zone 1103 N. 218 Dieyuan Road, Ningbo P.R.C. 3, China and was authorized to do and in fact did conduct business within the state of Pennsylvania.

10.      Defendant Watts Regulator Co. is the direct parent corporation and maintains 100% ownership and control of Defendant Ningbo Metal.

11.      Upon information and belief, at all times relevant hereto Defendants Jones Stephens, Coastal Ningbo, Watts Regulator Co., and  Ningbo Metal were engaged in the business of designing, manufacturing, marketing, selling, labeling and/or distributing plumbing products, including toilet water supply lines, and connectors.

12.      At all times herein Defendants Jones Stephens, Coastal Ningbo, Watts Regulator Co., and  Ningbo Metal, and each of them, were agents and/or employees and/or servants and/or partners and/or alter egos of each remaining defendant and at all times herein mentioned were acting as alter ego or within the purpose and scope of said agency, partnership, employment and/or with the consent, authorization, permission or ratification of co-defendants, and each of them was authorized to do and in fact did conduct business within the state of Pennsylvania designing, manufacturing, marketing, selling, labeling and/or distributing plumbing products, including toilet water supply lines, and connectors.

**JURISDICTION AND VENUE**

13.     This Court has subject matter jurisdiction over this matter under 28 U.S.C. §1332 because Plaintiff is a citizen of a state diverse from Defendants and the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs.

14.     This Court has personal jurisdiction over this matter because Defendants regularly conduct business in the state of Pennsylvania and purposefully availed themselves to the benefit of the laws of this judicial district by regularly transacting and/or conducting business in this state.

**FACTUAL ALLEGATIONS**

15.     Plaintiff incorporates by reference the preceding averments in Paragraphs 1 – 14 as though set forth at length herein.

16.     Prior to May 10, 2015, Defendants Jones Stephens, Coastal Ningbo, Watts Regulator Co. and Ningbo Metal designed, manufactured, marketed, sold, labeled and/or distributed the toilet water supply line and/or its component parts which were connected to a bathroom toilet located in the subject property (hereinafter "the water supply line").

17.     Approximately two (2) years prior to May 10, 2015, the water supply line was purchased and connected to a toilet in the subject property.

18.     On or about May 10, 2015, a water leak occurred within the subject property that originated at the water supply line.

19.     The water leak was caused by the failure of the water supply line and/or its component parts.

20.     The polymeric coupling nut, which secured the water supply line to the toilet tank, fractured and resulted in the subject water loss.

21.     The water supply line and/or its component parts, including the polymeric coupling nut, were designed, manufactured, marketed, sold, and/or distributed by Defendants

4

Jones Stephens, Coastal Ningbo, Watts Regulator Co., and  Ningbo Metal.

22.    The water leak resulted in substantial damage to the subject property and personal property of Alfa Insurance's named insureds Noel and Sandra Forsythe.

23.    As a result of the water loss and resultant damage, Alfa Insurance has made payments to its insured in an amount in excess of $312,620.090 in accordance with the terms and conditions of the insurance policy.

24.    As a result of the payments made to its insured for the subject water loss, Alfa Insurance is legally, equitably and contractually subrogated to the rights of its insureds to the extent of its payments.

## COUNT I – NEGLIGENCE DEFENDANT JONES STEPHENS

25.    Plaintiff incorporates by reference the preceding averments in Paragraphs 1 –24 as though set forth at length herein.

26.    Defendant Jones Stephens designed, manufactured, assembled, tested, labeled, distributed, marketed, sold and placed into the stream of commerce the water supply line and/or its component parts that caused the water leak at the subject property.

27.    Defendant Jones Stephens owed a duty to consumers, including Alfa Insurance's insured, to exercise reasonable care in the design and manufacture of water supply lines and component parts.

28.    The subject water leak and resulting damages sustained by Plaintiff's insured were caused by the negligence, breach of duty of care, carelessness, negligent acts and/or omissions of Defendant Jones Stephens, its agents, servants, and/or employees, acting within the course and scope of their employment and agency, in:

> a)    designing, manufacturing, selling, marketing, distributing, supplying, and/or assembling the water supply line and/or its component parts in a

defective and unreasonably dangerous condition that was unsafe for its intended use;

b)    designing, manufacturing, selling, distributing, supplying, and/or assembling the water supply line with an insufficient polymeric coupling nut, thereby causing a defective and unreasonably dangerous condition that was unsafe for its intended use;

c)    failing to properly and adequately design, manufacture, assemble, inspect and/or test the sufficiency of the water supply line and/or its component parts which connected the toilet to the water source;

d)    failing to properly and adequately design, manufacture, assemble, inspect and/or test the adequacy of the strength and/or thickness of the polymeric coupling nut of the water supply line connected to the toilet;

e)    failing to properly and adequately design, manufacture, and/or assemble the water supply line and/or its component parts in conformity with industry standards;

f)    failing to adequately appreciate the risks of the defect of the water supply line and/or its component parts;

29.    As a direct and proximate result of the aforesaid negligence, breach of duty of care, carelessness, negligent acts and/or omissions of Defendant Jones Stephens the subject water leak occurred and caused substantial damage to the subject property and personal property of Alfa Insurance insureds Noel and Sandra Forsythe.

**WHEREFORE,** Plaintiff, Alfa Insurance, demands judgment in its favor and against Defendant Jones Stephens in an amount in excess of $312,620.00 on Count I of the Complaint for compensatory damages, together with interest, costs of suit, counsel fees, and such other and further relief as this Honorable Court deems just and proper under the circumstances.

## <u>COUNT II– NEGLIGENCE DEFENDANT COASTAL NINGBO</u>

30.    Plaintiff incorporates by reference the preceding averments in Paragraphs 1 –24 as though set forth at length herein.

31.    Defendant Coastal Ningbo designed, manufactured, assembled, tested, labeled,

distributed, marketed, sold and placed into the stream of commerce the water supply line and/or its component parts that caused the water leak at the subject property.

32.   Defendant Coastal Ningbo owed a duty to consumers, including Alfa Insurance's insured, to exercise reasonable care in the design and manufacture of water supply lines and component parts.

33.   The subject water leak and resulting damages sustained by Plaintiff's insured were caused by the negligence, breach of duty of care, carelessness, negligent acts and/or omissions of Defendant Coastal Ningbo, its agents, servants, and/or employees, acting within the course and scope of their employment and agency, in:

a)   designing, manufacturing, selling, marketing, distributing, supplying, and/or assembling the water supply line and/or its component parts in a defective and unreasonably dangerous condition that was unsafe for its intended use;

b)   designing, manufacturing, selling, distributing, supplying, and/or assembling the water supply line with an insufficient polymeric coupling nut, thereby causing a defective and unreasonably dangerous condition that was unsafe for its intended use;

c)   failing to properly and adequately design, manufacture, assemble, inspect and/or test the sufficiency of the water supply line and/or its component parts which connected the toilet to the water source;

d)   failing to properly and adequately design, manufacture, assemble, inspect and/or test the adequacy of the strength and/or thickness of the polymeric coupling nut of the water supply line connected to the toilet;

e)   failing to properly and adequately design, manufacture, and/or assemble the water supply line and/or its component parts in conformity with industry standards;

f)   failing to adequately appreciate the risks of the defect of the water supply line and/or its component parts;

34.   As a direct and proximate result of the aforesaid negligence, breach of duty of care, carelessness, negligent acts and/or omissions of Defendant Coastal Ningbo the subject water

leak occurred and caused substantial damage to the subject property and personal property of Alfa Insurance insureds Noel and Sandra Forsythe.

**WHEREFORE,** Plaintiff, Alfa Insurance, demands judgment in its favor and against Defendant Coastal Ningbo in an amount in excess of $312,620.00 on Count II of the Complaint for compensatory damages, together with interest, costs of suit, counsel fees, and such other and further relief as this Honorable Court deems just and proper under the circumstances.

## COUNT III – NEGLIGENCE DEFENDANT WATTS REGULATOR CO.

35.      Plaintiff incorporates by reference the preceding averments in Paragraphs 1 – 24 as though set forth at length herein.

36.      Defendant Watts Regulator Co. was at all times material and relevant, the direct parent corporation with 100% ownership and control of Defendant Ningbo Metal.

37.      Defendant Watts Regulator Co. individually, and/or by and through the conduct and operations of its wholly owned company Ningbo Metal, designed, manufactured, assembled, tested, labeled, distributed, marketed, sold and placed into the stream of commerce the water supply line and/or its component parts that caused the water leak at the subject property.

38.      Defendant Watts Regulator Co. owed a duty to consumers, including Alfa Insurance's insured, to exercise reasonable care in the design and manufacture of water supply lines and component parts.

39.      The subject water leak and resulting damages sustained by Plaintiff's insured were caused by the negligence, breach of duty of care, carelessness, negligent acts and/or omissions of Defendant Watts Regulator Co., its agents, servants, and/or employees, acting within the course and scope of their employment and agency, in:

           a)        designing, manufacturing, selling, marketing, distributing, supplying,

8

and/or assembling the water supply line and/or its component parts in a defective and unreasonably dangerous condition that was unsafe for its intended use;

b)   designing, manufacturing, selling, distributing, supplying, and/or assembling the water supply line with an insufficient polymeric coupling nut, thereby causing a defective and unreasonably dangerous condition that was unsafe for its intended use;

c)   failing to properly and adequately design, manufacture, assemble, inspect and/or test the sufficiency of the water supply line and/or its component parts which connected the toilet to the water source;

d)   failing to properly and adequately design, manufacture, assemble, inspect and/or test the adequacy of the strength and/or thickness of the polymeric coupling nut of the water supply line connected to the toilet;

e)   failing to properly and adequately design, manufacture, and/or assemble the water supply line and/or its component parts in conformity with industry standards;

f)   failing to adequately appreciate the risks of the defect of the water supply line and/or its component parts;

40.   As a direct and proximate result of the aforesaid negligence, breach of duty of care, carelessness, negligent acts and/or omissions of Defendant Watts Regulator Co. the subject water leak occurred and caused substantial damage to the subject property and personal property of Alfa Insurance insureds Noel and Sandra Forsythe.

**WHEREFORE,** Plaintiff, Alfa Insurance, demands judgment in its favor and against Defendant Watts Regulator Co. in an amount in excess of $312,620.00 on Count III of the Complaint for compensatory damages, together with interest, costs of suit, counsel fees, and such other and further relief as this Honorable Court deems just and proper under the circumstances.

## COUNT IV – NEGLIGENCE DEFENDANT NINGBO METAL

41.   Plaintiff incorporates by reference the preceding averments in Paragraphs 1 – 24 as though set forth at length herein.

9

42.     Defendant Ningbo Metal was at all times material and relevant, wholly owned and controlled by Defendant Watts Regulator Co.

43.     Defendant Ningbo Metal  individually, and/or by and through its agency, ownership and direction from Watts Regulator, designed, manufactured, assembled, tested, labeled, distributed, marketed, sold and placed into the stream of commerce the water supply line and/or its component parts that caused the water leak at the subject property.

44.     Defendant Ningbo Metal owed a duty to consumers, including Alfa Insurance's insured, to exercise reasonable care in the design and manufacture of water supply lines and component parts.

45.     The subject water leak and resulting damages sustained by Plaintiff's insured were caused by the negligence, breach of duty of care, carelessness, negligent acts and/or omissions of Defendant Ningbo Metal its agents, servants, and/or employees, acting within the course and scope of their employment and agency, in:

a)     designing, manufacturing, selling, marketing, distributing, supplying, and/or assembling the water supply line and/or its component parts in a defective and unreasonably dangerous condition that was unsafe for its intended use;

b)     designing, manufacturing, selling, distributing, supplying, and/or assembling the water supply line with an insufficient polymeric coupling nut, thereby causing a defective and unreasonably dangerous condition that was unsafe for its intended use;

c)     failing to properly and adequately design, manufacture, assemble, inspect and/or test the sufficiency of the water supply line and/or its component parts which connected the toilet to the water source;

d)     failing to properly and adequately design, manufacture, assemble, inspect and/or test the adequacy of the strength and/or thickness of the polymeric coupling nut of the water supply line connected to the toilet;

e)     failing to properly and adequately design, manufacture, and/or assemble the water supply line and/or its component parts in conformity with

10

industry standards;

f)      failing to adequately appreciate the risks of the defect of the water supply line and/or its component parts;

46.     As a direct and proximate result of the aforesaid negligence, breach of duty of care, carelessness, negligent acts and/or omissions of Defendant Ningbo Metal the subject water leak occurred and caused substantial damage to the subject property and personal property of Alfa Insurance insureds Noel and Sandra Forsythe.

**WHEREFORE,** Plaintiff, Alfa Insurance, demands judgment in its favor and against Defendant Ningbo Metal in an amount in excess of $312,620.00 on Count IV of the Complaint for compensatory damages, together with interest, costs of suit, counsel fees, and such other and further relief as this Honorable Court deems just and proper under the circumstances.

## COUNT V – STRICT PRODUCTS LIABILITY
## DEFENDANT JONES STEPHENS

47.     Plaintiff incorporates by reference the preceding averments in Paragraphs 1 – 24 and as though set forth at length herein.

48.     The cause of the water leak was due to a failure of the water supply line and/or its component parts, which were defectively designed, manufactured, assembled, tested, marketed, distributed, sold and placed into the stream of commerce by Defendant Jones Stephens.

49.     The water supply line and/or its component parts lacked elements necessary to make it safe for its intended use and/or possess features that render it unsafe for its intended use.

50.     The unsafe condition of the water supply line and/or its component parts was unknowable and unacceptable to the average or ordinary consumer.

51.     In the alternative, a reasonable person would conclude that the probability and seriousness of harm caused by the product outweighs the burden or costs of taking precautions.

52.     As a direct and proximate result of the product defect or defects referenced above, the subject water leak occurred, and Alfa Insurance paid its insured a sum in excess of $312,620.00, representing the fair and reasonable value of the damage to the Property and personal property of its insureds.

**WHEREFORE,** Plaintiff, Alfa Insurance, demands judgment in its favor and against Defendant Jones Stephens in an amount in excess of $312,620.00 on Count V of the Complaint for compensatory damages, together with interest, costs of suit, counsel fees, and such other and further relief as this Honorable Court deems just and proper under the circumstances.

## COUNT VI – STRICT PRODUCTS LIABILITY
## DEFENDANT COASTAL NINGBO

53.     Plaintiff incorporates by reference the preceding averments in Paragraphs 1 – 24 and as though set forth at length herein.

54.     The cause of the water leak was due to a failure of the water supply line and/or its component parts, which were defectively designed, manufactured, assembled, tested, marketed, distributed, sold and placed into the stream of commerce by Defendant Coastal Ningbo.

55.     The water supply line and/or its component parts lacked elements necessary to make it safe for its intended use and/or possess features that render it unsafe for its intended use.

56.     The unsafe condition of the water supply line and/or its component parts was unknowable and unacceptable to the average or ordinary consumer.

57.     In the alternative, a reasonable person would conclude that the probability and seriousness of harm caused by the product outweighs the burden or costs of taking precautions.

58.     As a direct and proximate result of the product defect or defects referenced above, the subject water leak occurred, and Alfa Insurance paid its insured a sum in excess of $312,620.00, representing the fair and reasonable value of the damage to the Property and personal

property of its insureds.

**WHEREFORE,** Plaintiff, Alfa Insurance, demands judgment in its favor and against Defendant Coastal Ningbo in an amount in excess of $312,620.00 on Count VI of the Complaint for compensatory damages, together with interest, costs of suit, counsel fees, and such other and further relief as this Honorable Court deems just and proper under the circumstances.

## COUNT VII – STRICT PRODUCTS LIABILITY
## DEFENDANT WATTS REGULATOR CO.

59.    Plaintiff incorporates by reference the preceding averments in Paragraphs 1 – 24 and 36 – 37 as though set forth at length herein.

60.    The cause of the water leak was due to a failure of the water supply line and/or its component parts, which were defectively designed, manufactured, assembled, tested, marketed, distributed, sold and placed into the stream of commerce by Defendant Watts Regulator Co.

61.    The water supply line and/or its component parts lacked elements necessary to make it safe for its intended use and/or possess features that render it unsafe for its intended use.

62.    The unsafe condition of the water supply line and/or its component parts was unknowable and unacceptable to the average or ordinary consumer.

63.    In the alternative, a reasonable person would conclude that the probability and seriousness of harm caused by the product outweighs the burden or costs of taking precautions.

64.    As a direct and proximate result of the product defect or defects referenced above, the subject water leak occurred, and Alfa Insurance paid its insured a sum in excess of $312,620.00, representing the fair and reasonable value of the damage to the Property and personal property of its insureds.

**WHEREFORE,** Plaintiff, Alfa Insurance, demands judgment in its favor and against

Defendant Watts Regulator Co. in an amount in excess of $312,620.00 on Count VII of the Complaint for compensatory damages, together with interest, costs of suit, counsel fees, and such other and further relief as this Honorable Court deems just and proper under the circumstances.

## COUNT VIII – STRICT PRODUCTS LIABILITY
## DEFENDANT NINGBO METAL

65.     Plaintiff incorporates by reference the preceding averments in Paragraphs 1 – 24 and 42 – 43 as though set forth at length herein.

66.     The cause of the water leak was due to a failure of the water supply line and/or its component parts, which were defectively designed, manufactured, assembled, tested, marketed, distributed, sold and placed into the stream of commerce by Defendant Ningbo Metal.

67.     The water supply line and/or its component parts lacked elements necessary to make it safe for its intended use and/or possess features that render it unsafe for its intended use.

68.     The unsafe condition of the water supply line and/or its component parts was unknowable and unacceptable to the average or ordinary consumer.

69.     In the alternative, a reasonable person would conclude that the probability and seriousness of harm caused by the product outweighs the burden or costs of taking precautions.

70.     As a direct and proximate result of the product defect or defects referenced above, the subject water leak occurred, and Alfa Insurance paid its insured a sum in excess of $312,620.00, representing the fair and reasonable value of the damage to the Property and personal property of its insureds.

**WHEREFORE,** Plaintiff, Alfa Insurance, demands judgment in its favor and against Defendant Ningbo Metal in an amount in excess of $312,620.00 on Count VIII of the Complaint for compensatory damages, together with interest, costs of suit, counsel fees, and such other and

further relief as this Honorable Court deems just and proper under the circumstances.

### COUNT IX – FAILURE TO WARN DEFENDANT JONES STEPHENS

71.     Plaintiff incorporates by reference the preceding averments in Paragraphs 1 – 24 as though set forth at length herein.

72.      Defendant Jones Stephens owed a duty to consumers, including Alfa Insurance's insureds, to exercise reasonable care in issuing warnings regarding the defective and dangerous nature of its water supply line and/or its component parts.

73.     Defendant Jones Stephens knew or reasonably should have known that their water supply line and/or its component parts were defective and dangerous and/or was likely to be dangerous when used in a reasonably foreseeable manner.

74.     Defendant Jones Stephens knew or reasonably should have known that the unsafe condition of the water supply line and/or its component parts was unknowable and unacceptable to the average or ordinary consumer and that Alfa Insurance and its insureds would not know that the water supply line and/or its component parts were defective and posed a danger of causing substantial property damage.

75.     Defendant Jones Stephens failed to adequately warn of the danger or instruct Alfa Insurance or its insureds on the safe use of its product.

76.      A reasonable designer, manufacturer, distributor, assembler, labeler or seller under the same or similar circumstances would have warned of the danger and instructed on the safe use of the product, including but not limited to, providing detailed installation instructions together with warnings to frequently inspect the water supply line and its component parts.

77.      As a direct and proximate result of Defendant Jones Stephens failure to warn the Plaintiff or its insured regarding the defective and dangerous nature of its water supply line and/or

its component parts, the subject water leak occurred and Alfa Insurance paid its insured a sum in excess of $312,620.00, representing the fair and reasonable value of the damage to the Property and personal property of its insureds.

**WHEREFORE,** Plaintiff, Alfa Insurance, demands judgment in its favor and against Defendant Jones Stephens in an amount in excess of $312,620.00 on Count IX of the Complaint for compensatory damages, together with interest, costs of suit, counsel fees, and such other and further relief as this Honorable Court deems just and proper under the circumstances.

## COUNT X – FAILURE TO WARN DEFENDANT COASTAL NINGBO

78.    Plaintiff incorporates by reference the preceding averments in Paragraphs 1 – 24 as though set forth at length herein.

79.     Defendant Coastal Ningbo owed a duty to consumers, including Alfa Insurance's insureds, to exercise reasonable care in issuing warnings regarding the defective and dangerous nature of its water supply line and/or its component parts.

80.    Defendant Coastal Ningbo knew or reasonably should have known that their water supply line and/or its component parts were defective and dangerous and/or was likely to be dangerous when used in a reasonably foreseeable manner.

81.    Defendant Coastal Ningbo knew or reasonably should have known that the unsafe condition of the water supply line and/or its component parts was unknowable and unacceptable to the average or ordinary consumer and that Alfa Insurance and its insureds would not know that the water supply line and/or its component parts were defective and posed a danger of causing substantial property damage.

82.    Defendant Coastal Ningbo failed to adequately warn of the danger or instruct Alfa Insurance or its insureds on the safe use of its product.

83.     A reasonable designer, manufacturer, distributor, assembler, labeler or seller under the same or similar circumstances would have warned of the danger and instructed on the safe use of the product, including but not limited to, providing detailed installation instructions together with warnings to frequently inspect the water supply line and its component parts.

84.     As a direct and proximate result of Defendant Coastal Ningbo failure to warn the Plaintiff or its insured regarding the defective and dangerous nature of its water supply line and/or its component parts, the subject water leak occurred and Alfa Insurance paid its insured a sum in excess of $312,620.00, representing the fair and reasonable value of the damage to the Property and personal property of its insureds.

**WHEREFORE,** Plaintiff, Alfa Insurance, demands judgment in its favor and against Defendant Coastal Ningbo in an amount in excess of $312,620.00 on Count X of the Complaint for compensatory damages, together with interest, costs of suit, counsel fees, and such other and further relief as this Honorable Court deems just and proper under the circumstances.

## <u>COUNT XI – FAILURE TO WARN DEFENDANT WATTS REGULATOR CO.</u>

85.     Plaintiff incorporates by reference the preceding averments in Paragraphs 1 – 24 and 36 – 37 as though set forth at length herein.

86.     Defendant Watts Regulator Co. owed a duty to consumers, including Alfa Insurance's insureds, to exercise reasonable care in issuing warnings regarding the defective and dangerous nature of its water supply line and/or its component parts.

87.     Defendant Watts Regulator Co. knew or reasonably should have known that their water supply line and/or its component parts were defective and dangerous and/or was likely to be dangerous when used in a reasonably foreseeable manner.

17

88. Defendant Watts Regulator Co. knew or reasonably should have known that the unsafe condition of the water supply line and/or its component parts was unknowable and unacceptable to the average or ordinary consumer and that Alfa Insurance and its insureds would not know that the water supply line and/or its component parts were defective and posed a danger of causing substantial property damage.

89. Defendant Watts Regulator Co. failed to adequately warn of the danger or instruct Alfa Insurance or its insureds on the safe use of its product.

90. A reasonable designer, manufacturer, distributor, assembler, labeler or seller under the same or similar circumstances would have warned of the danger and instructed on the safe use of the product, including but not limited to, providing detailed installation instructions together with warnings to frequently inspect the water supply line and its component parts.

91. As a direct and proximate result of Defendant Watts Regulator Co. failure to warn the Plaintiff or its insured regarding the defective and dangerous nature of its water supply line and/or its component parts, the subject water leak occurred and Alfa Insurance paid its insured a sum in excess of $312,620.00, representing the fair and reasonable value of the damage to the Property and personal property of its insureds.

**WHEREFORE,** Plaintiff, Alfa Insurance, demands judgment in its favor and against Defendant Watts Regulator Co. in an amount in excess of $312,620.00 on Count XI of the Complaint for compensatory damages, together with interest, costs of suit, counsel fees, and such other and further relief as this Honorable Court deems just and proper under the circumstances.

## <u>COUNT XII – FAILURE TO WARN DEFENDANT NINGBO METAL</u>

92. Plaintiff incorporates by reference the preceding averments in Paragraphs 1 – 24 and 42 – 43 as though set forth at length herein.

18

93.     Defendant Ningbo Metal owed a duty to consumers, including Alfa Insurance's insureds, to exercise reasonable care in issuing warnings regarding the defective and dangerous nature of its water supply line and/or its component parts.

94.     Defendant Ningbo Metal knew or reasonably should have known that their water supply line and/or its component parts were defective and dangerous and/or was likely to be dangerous when used in a reasonably foreseeable manner.

95.     Defendant Ningbo Metal knew or reasonably should have known that the unsafe condition of the water supply line and/or its component parts was unknowable and unacceptable to the average or ordinary consumer and that Alfa Insurance and its insureds would not know that the water supply line and/or its component parts were defective and posed a danger of causing substantial property damage.

96.     Defendant Ningbo Metal failed to adequately warn of the danger or instruct Alfa Insurance or its insureds on the safe use of its product.

97.     A reasonable designer, manufacturer, distributor, assembler, labeler or seller under the same or similar circumstances would have warned of the danger and instructed on the safe use of the product, including but not limited to, providing detailed installation instructions together with warnings to frequently inspect the water supply line and its component parts.

98.     As a direct and proximate result of Defendant Ningbo Metal failure to warn the Plaintiff or its insured regarding the defective and dangerous nature of its water supply line and/or its component parts, the subject water leak occurred and Alfa Insurance paid its insured a sum in excess of $312,620.00, representing the fair and reasonable value of the damage to the Property and personal property of its insureds.

**WHEREFORE,** Plaintiff, Alfa Insurance, demands judgment in its favor and against

Defendant Ningbo Metal in an amount in excess of $312,620.00 on Count XII of the Complaint for compensatory damages, together with interest, costs of suit, counsel fees, and such other and further relief as this Honorable Court deems just and proper under the circumstances.

## COUNT XIII—BREACH OF WARRANTY ALL DEFENDANTS

99.     Plaintiff incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth herein at length.

100.     In designing, manufacturing, labeling, marketing, selling, distributing, supplying, and/or assembling the subject water supply line and/or its component parts, Defendants Jones Stephens, Coastal Ningbo, Watts Regulator Co. and Ningbo Metal made certain express and implied warranties that the water supply line and/or its component parts were of good and merchantable quality and was reasonably safe and fit for its intended use.

101.     Defendants Jones Stephens, Coastal Ningbo, Watts Regulator Co. and Ningbo Metal breached the express and implied warranties, or other representations that accompanied the sale and distribution of water supply line and/or its component parts into the stream of commerce.

102.     As a direct, proximate and consequential result of the breach or breaches, the subject water leak occurred, and Plaintiff, Alfa Insurance, paid its insured a sum in excess of $312,620.00, representing the fair and reasonable value of the damage to the subject property and personal property of its insureds.

**WHEREFORE,** Plaintiff, Alfa Insurance, demands judgment in its favor and against Defendants Jones Stephens, Coastal Ningbo, Watts Regulator Co. and Ningbo Metal in an amount in excess of $312,620.00 on Count XIII of the Complaint for compensatory damages, together with

interest, costs of suit, counsel fees, and such other and further relief as this Honorable Court deems just and proper under the circumstances.

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted May 9, 2017.

 _/s/ Richard A. Estacio_____ _____
Richard A. Estacio, Esq.
**KOLB CLARE & ARNOLD, PSC**
490 Lancaster Avenue, Suite 15
Frazer, PA  19355
PA Supreme Court ID No. 52793
Telephone: (610) 492-7343
Fax: (877) 855-7681
Email: REstacio@KCAlegal.com
COUNSEL FOR PLAINTIFF