UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALFA MUTUAL INSURANCE CO. as subrogee of Noel and Sandra Forsythe, | : : : | CIVIL ACTION NO. 3:17-0817 |
| Plaintiff | : | JUDGE MANNION |
| v. | : | |
| JONES STEPHENS CORP., COASTAL NINGBO HARDWARE MANUFACTURING CO., LTD., WATTS REGULATOR CO., and NINGBO BEST METAL & PLASTIC MANUFACTURING CO., LTD., | : : : : : | FILED SCRANTON FEB 20 2018 PER _____ DEPUTY CLERK |
| Defendants | : : | |

## MEMORANDUM

Pending before the court is a motion to dismiss the plaintiff's complaint filed on behalf of defendant Jones Stephens Corp. (Doc. 11). Based upon the court's review, the motion will be dismissed without prejudice.

The defendant's motion to dismiss is brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. The standard for such motions is well-established in the Middle District:

> "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 128 LEd.2d 391 (1994) (internal citations omitted).
>
> [T]he federal courts are without power to adjudicate the substantive claims in a lawsuit, absent a firm bedrock of

> jurisdiction. When the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits.

Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n, 554 F.2d 1254, 1256 (3d Cir. 1977).

"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868). This rule "'springs from the nature and limits of the judicial power of the United States' and 'is inflexible and without exception.'" Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (quoting Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462 (1884)). Moreover, "the burden of establishing the [existence of subject-matter jurisdiction] rests upon the party asserting jurisdiction." Kokkonen, 511 U.S. at 377, 114 S.Ct. 1673 (internal citations omitted). This is because, since the federal courts' jurisdiction is strictly limited by Constitution and statute, "[i]t is to be presumed that a cause lies outside this limited jurisdiction." Id.

\* \* \*

"A district court has to first determine . . . whether a Rule 12(b)(1) motion presents a 'facial' attack or a 'factual' attack on the claim at issue, because that distinction determines how the pleading must be reviewed." Constitution Party of Pa. v. Aichele, 757 F.3d 347, 357 (3d Cir. 2014).

> A facial attack, as the adjective indicates, is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court because, for example, it does not present a question of federal law, or because there is no indication of a diversity of citizenship among the parties, or because some other jurisdictional defect is present. Such an attack can

2

> occur before the moving party has filed an answer or otherwise contested the factual allegations of the complaint. A factual attack, on the other hand, is an argument that there is no subject matter jurisdiction because the facts of the case-and here the District Court may look beyond the pleadings to ascertain the facts-do not support the asserted jurisdiction.
>
> Id. at 358.
>
> Thus, a Rule 12(b)(1) factual evaluation "may occur at any stage of the proceedings, from the time the answer has been served until after the trial has been completed." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891-892 (3d Cir. 1977). However, "[a] factual jurisdictional proceeding cannot occur until plaintiff's allegations have been controverted." Id. at 892 n.17. When a party files a motion attacking jurisdiction prior to filing an answer to the complaint or otherwise presenting competing facts, the motion is "by definition, a facial attack." Aichele, 757 F.3d at 358.

Wayne Land & Mineral Grp., LLC v. Delaware River Basin Comm'n, 247 F.Supp.3d 477, 491-92 (M.D. Pa. 2017).

In this case, the plaintiff subrogee, Alfa Mutual Insurance Co., filed the instant action against, among others, defendant Jones Stephens Corp. seeking compensation for money paid to its insureds, Noel and Sandra Forsythe. The plaintiff alleges that jurisdiction is proper under the diversity statute, 28 U.S.C. §1332, in that the plaintiff is a citizen of a state, i.e., Alabama, diverse from defendants. Relevant to the instant motion, the plaintiff alleges that defendant Jones Stephens Corp. "was a corporation duly organized and existing under the laws of the State of Alabama, and holding itself out as regularly conducting in and having a principal place of business

3

located at 50 Keystone Blvd. East, Pottsville, PA 17901." Defendant Jones Stephens Corp. has brought the instant motion arguing that jurisdiction is improper because its principal place of business is, in fact, in Alabama and not in Pottsville, Pennsylvania, thereby destroying diversity jurisdiction. In support of its argument, defendant Jones Stephens Corp. has attached to its motion the sworn affidavit of Mark Williams, the Vice-President of Innovation of Jones Stephens Corp., who has been employed with the company for over 20 years. Mr. Williams provides in his affidavit that the address and principal place of business of Jones Stephens Corp. is 3249 Moody Pkwy., Moody, AL 35004 and that Jones Stephens Corp. is an Alabama corporation organized and operating under the laws of Alabama.

Under the standard set forth above, defendant Jones Stephens Corp.'s attack is a factual attack on jurisdiction, in that it is an argument that there is no subject matter jurisdiction because of the facts of the case. As such, the court may look beyond the pleadings to materials such as Mr. Williams' sworn affidavit to ascertain the facts and determine whether subject matter jurisdiction, in fact, exists. However, as also discussed above, "[a] factual jurisdictional proceeding cannot occur until plaintiff's allegations have been controverted." Id. at 892 n.17. Since no answer has been filed in this matter, defendant Jones Stephens Corp.'s motion raising a factual attack on subject matter jurisdiction is, in essence, premature. As such, the court will dismiss

the motion, without prejudice, to allow the defendant to re-file the motion in the proper procedural manner. An appropriate order shall issue.

s/ *Malachy E. Mannion*
MALACHY E. MANNION
United States District Judge

Date: February 20, 2018

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-0817-01.wpd