IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALFA MUTUAL INSURANCE CO. *as* subrogee of Noel and Sandra Forsythe | : |
| Plaintiff, | : |
| v. | : No. 17-CV-00817 |
| JONES STEPHENS CORP. | : |
| Defendant/Third-Party Plaintiff, | : |
| v. | : (Magistrate Judge Carlson) |
| COASTAL NINGBO HARDWARE MANUFACTURING CO., LTD,; *and* NINGBO BEST METAL & PLASTIC MANUFACTURING CO., LTD., | : |
| Third-Party Defendants. | : |

**MEMORANDUM OPINION**

**I.    INTRODUCTION**

In its current form the instant case, which has been filed in federal court in Pennsylvania, involves a dispute between two Alabama corporations involving a property damage claim that arose in the state of Alabama. Given these facts, it is hardly surprising that we are now being asked to determine whether federal subject matter jurisdiction exists in this case. For the reasons set forth below, we conclude that diversity jurisdiction does not lie here.

Alfa Mutual Insurance Company ("Alfa Mutual") brought this action as the subrogee of Noel and Sandra Forsythe against the defendant Jones Stephens

1

Corporation ("Jones Stephens"). This action concerns water loss and property damage to Noel and Sandra Forsythe's property located at 536 Hamilton Hills Court in Auburn, Alabama. (Doc. 1, ¶¶ 3, 22). The damage allegedly resulted from a "water supply line and/or its component parts," which were "designed, manufactured, marketed, sold, and/or distributed" by Defendants Jones Stephens, Coastal Ningbo Hardware Manufacturing Co., Ltd. ("Coastal Ningbo"), Watts Regulator Co. ("Watts Regulator"), and Ningbo Best Metal & Plastic Manufacturing Co. ("Ningbo Best Metal"). (Id., ¶ 21). Alfa Mutual made a $312,620.00 payment to its insured policy holders, Noel and Sandra Forsythe, for property and personal damage. (Id., ¶¶ 22-23) Alfa Mutual sought judgment against Jones Stephen for the amount Alfa Mutual paid to the insureds, plus any additional costs resulting from this litigation. (Id., ¶ 6).

Jones Stephens filed a motion to dismiss the complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, alleging a lack of subject matter jurisdiction on the grounds that there is not complete diversity between the parties. (Doc. 49) After review of the record, we find that the defendants have demonstrated that complete diversity does not exist between Alfa Mutual and Jones Stephens, and thus, this Court does not have jurisdiction over the instant action. Accordingly, for the reasons set forth below, we will grant Jones Stephens' motion to dismiss.

## II. FACTUAL BACKGROUND

The complaint alleges that Defendants Jones Stephens, Coastal Ningbo, Watts Regulator, and Ningbo Best Metal "designed, manufactured, marketed, sold, labeled and/or distributed the toilet water supply line and/or its component parts which were connected to a bathroom toilet" in Noel and Sandra Forsythe's residence. (Doc. 1, ¶ 16). On approximately May 10, 2015, there was a water leak in the residence resulting from a fractured polymeric coupling nut which secures the water supply line to the toilet tank. (Id., ¶¶ 19, 21) This caused substantial damage to the property. (Id., ¶ 22). Alfa Mutual ultimately paid an amount in excess of $312,620.00 to its insureds, Noel and Sandra Forsythe, pursuant to the terms of the policy agreement (Id., ¶ 23).

On May 9, 2017, Alfa Mutual filed this action against Jones Stephens, Coastal Ningbo, Watts Regulator, and Ningbo Best Metal, in federal court, seeking compensation for the money it paid to its insureds. (Id., ¶¶ 6-9, 11, 20-21). The complaint asserts claims of negligence, strict products liability, failure to warn, and breach of warranty against all defendants. (See generally Doc. 1). Alfa Mutual alleges that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the defendants are from different states and the amount in controversy exceeds $75.000. (Id., ¶ 13).

Jones Stephens filed a motion to dismiss on June 26, 2017 pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that the Court lacked subject matter jurisdiction over the case. (Doc. 11). However, the motion was deemed premature because an answer had not yet been filed by the defense and thus, the motion was dismissed without prejudice to allowing Jones Stephens to re-file the motion in the proper procedural manner. (Id., at 4-5). Thereafter, the plaintiff moved to voluntarily dismiss Defendants Coastal Ningbo and Ningbo Best from the action as a result of difficulties that arose from being able to provide these international defendants with proper service. (Doc. 23, ¶ 6). This motion was granted, and the defendants were dismissed from the case. (Doc. 24). Additionally, a third defendant—Watts Regulator—was dismissed from the case on the stipulation of all parties. (Doc. 28).

This case was later referred to the undersigned and on June 3, 2019, Jones Stephens filed the instant motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure due to lack of subject matter jurisdiction. (Doc. 49). The defendant asserts that there is not complete diversity, as is required under 28 U.S.C. § 1332, because "Alfa Mutual and its subrogors, Noel and Sandra Forsythe, are citizens of Alabama, which is the same as the citizenship" of Jones Stephens. (Id., ¶ 11). Alfa Mutual filed a timely response on June 24, 2019, contending that Pottsville, Pennsylvania should be considered Jones Stephen's principal place of business in

this case, and thus Jones Stephens should be considered a citizen of Pennsylvania for purposes of the instant litigation. (Doc. 51 at 5-6). The motion has been fully briefed and is, therefore, ripe for resolution.

After review of the record, we conclude there is, in fact, a lack of subject matter jurisdiction, as both the plaintiff and the defendant are citizens of Alabama, and complete diversity does not exist. Accordingly, we will grant the defendant's motion to dismiss.

### III. <u>STANDARD OF REVIEW</u>

The defendant has moved to dismiss this state-law products liability claim pursuit to Rule 12(b)(1) of the Federal Rules of Civil Procedure due to a lack of subject matter jurisdiction. Rule 12(b)(1) permits the dismissal of an action for "lack of subject matter jurisdiction." A motion to dismiss under Rule 12(b)(1) thus challenges the power of the court to hear a case or consider a claim. <u>Petruska v. Gannon Univ.</u>, 462 F.3d 294, 302 (3d Cir. 2006). When faced with a 12(b)(1) motion, the plaintiff has the burden to "convince the court it has jurisdiction. <u>Gould Elecs., Inc. v. United States</u>, 220 F.3d 169, 178 (3d Cir. 2000); <u>see also</u> <u>Kehr Packages v. Fidelcor, Inc.</u>, 926 F. 2d 1406, 1409 (3d Cir. 1991) ("when subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion").

A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. See Morten v. First Fed. Sav. And Loan Ass'n, 549 F. 2d 884, 891 (3d Cir. 1997). First, a facial attack "contests the sufficiency of the pleadings." Common Cause of Pa. v. Pennsylvania, 558 F.3d 249, 257 (3d Cir. 2009) (quoting Taliaferro v. Darby Twp. Zoning Bd., 458 F. 3d 181, 187-88 (3d Cir. 2006). Such a facial challenge "attacks the complaint on its face without contesting its alleged facts, [and] is like a 12(b)(6) motion in requiring the court 'to consider the allegations of the complaint as true.'" Hartig Drug Company, Inc. v. Senju pharmaceutical Co. Ltd., 836 F. 3d 261, 268 (3d Cir. 2006). Thus, in ruling on such a motion, the court assumes the truth of the allegations in the complaint but must analyze the pleadings to determine whether they state an action that comes within the court's jurisdiction. United States ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F. 3d 506, 514 (3d Cir. 2016). A facial 12(b)(1) motion should be granted only if it appears certain that the assertion of subject-matter jurisdiction is improper. Kehr Packages, 926 F. 2d 1406, 1408-09 (3d Cir. 1991); Empire Kosher Poultry, Inc. v. United Food & Commericial Workers Health & Welfare Fund of Ne. Pa., 285 F. Supp. 3d 573, 577 (M.D. Pa. 2003).

In contrast, a "factual" attack on subject-matter jurisdiction asserts that, although the pleadings facially satisfy jurisdictional requirements, one or more allegations in the complaint is untrue, which therefore causes the action to fall

6

outside the court's jurisdiction. Carpet Group, Int'l v. Oriental Rug Imps. Ass'n, Inc., 227 F. 3d 62, 69 (3d Cir. 2000); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1997). In ruling on factual challenges, a court must consider the merits of the disputed allegations, since "the trial court's . . . very power to hear the case' is in dispute. Mortensen, 549 F.2d at 891.

We note the distinctions between facial and factual jurisdictional challenges in part because in the past the parties and the court have occasionally characterized the question in this case as one which involves a factual challenge to subject matter jurisdiction. Upon reflection we are unsure whether this characterization is correct since the plaintiff's complaint plainly identifies both the plaintiff and the defendant as Alabama corporations, (Doc. 1, ¶¶1 and 6), permitting a facial resolution of the issue of diversity based upon the plaintiff's own averments. Nonetheless, even if we treated this motion as raising a factual challenge to subject matter jurisdiction, the undisputed facts disclose that both Alfa and Jones Stephens are businesses incorporated under the laws of Alabama. Therefore, whether viewed as a facial or a factual challenge to diversity subject matter jurisdiction, the immutable fact of this shared state of incorporation remains unchanged.

## IV. **DISCUSSION**

As we have explained, the defendant has moved to dismiss the complaint for lack of subject matter jurisdiction. Jones Stephens contends that, because it is

incorporated in Alabama, and the plaintiff is also an Alabama corporation and is the subrogee of the insureds who also reside in Alabama, there is not complete diversity between the parties as is required by § 1332. In response, the plaintiff argues that there is complete diversity because Jones Stephens' principal place of business is in Pottsville, Pennsylvania, and thus Jones Stephens should be considered a citizen of Pennsylvania for diversity purposes.

It is well-settled that federal courts are courts of limited jurisdiction. Therefore, we can only exercise jurisdiction over a case to the extent that Congress has expressly conferred jurisdiction upon federal courts. As a general rule, there are two primary grounds for federal district court jurisdiction over a civil lawsuit. The principal ground for invoking the jurisdiction of a federal court is known as federal question jurisdiction. Under this provision, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Additionally, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States." 28 U.S.C. § 1332(a)(1). This ground of federal jurisdiction is known as diversity jurisdiction.

At the outset, we note that it is not disputed that Alfa Mutual's complaint is a state-law tort law claim, not a federal question. Therefore, the relevant inquiry is

whether diversity jurisdiction exists between the plaintiff, Alfa Mutual, subrogor of Noel and Sandra Forsythe, and the defendant, Jones Stephens.

In order for this Court to address the jurisdictional question in this case, we must resolve the issue of Jones Stephens' citizenship. Several principles guide our consideration of this legal question which is pivotal to a determination of whether diversity jurisdiction lies in this case. At the outset, for purposes of diversity jurisdiction, by statute "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1). For complete diversity to exist between the parties, the statute requires that "no plaintiff be a citizen of the same state as any defendant." Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010) (citing Exxon Mobil Corp. v. Allapattah Servs. Inc., 545 U.S. 546, 553 (2005)).

A corporation's principal place of business is often referred to as the "nerve center" and is typically found to be the corporation's headquarters; it is also where the corporation's high-level officers direct, control, and coordinate the corporation's activities. Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010). Furthermore, a corporation may have only one principal place of business. See Hertz, 559 U.S. at 93 ("A corporation's 'nerve center,' usually its main headquarters is a single place"); see also Bewer v. SmithKline Beacham Corp., 774 F.Supp.2d 721, 725 (E.D. Pa. 2011)

9

("Focusing on a place within the state and not on state-wide activities, we distinguish between a corporation's headquarters and place where it conducts its business activities"). However, a corporation may have multiple citizenships. <u>Caribbean Telecomms. Ltd. V. Guy. Tel. & Tel. Co.</u>, 594, F.Supp. 2d 522, 528 (D.N.J. 2009) ("Through multiple places of incorporation [and the] principal place of business . . . a corporation may become [a] citizen of several places for purposes of diversity jurisdiction. Such a result is in keeping with Congress' intendment to constrict the availability of diversity jurisdiction.") (citation omitted). Finally, in assessing this issue it is well-settled that the party invoking federal jurisdiction, in this case Alfa Mutual, bears the burden of affirmatively pleading and proving subject-matter jurisdiction. <u>McNutt v. General Motors Acceptance Corp. of Indiana</u>, 298 U.S. 178 (1936). Once jurisdiction is challenged, as Jones Stephens has done, "competent proof" must be used to show "by the preponderance of the evidence" that jurisdiction exists. <u>Id.</u> at 189.

Turning to the allegations in the complaint, Alfa Mutual states that it is a corporation organized and existing under the laws of Alabama with a principal place of business in Alabama. (Doc. 1, ¶ 1) In the same document, Alfa Mutual asserts that Jones Stephens is a corporation duly organized and existing under Alabama's laws with a principal place of business in Pottsville, Pennsylvania. (<u>Id.</u>, ¶ 6). Thus, on the face of the complaint both Alfa, the corporate plaintiff, and Jones Stephens, the

corporate defendant, are alleged to be Alabama corporations, a fact which would seem to defeat diversity jurisdiction.

In an effort to avoid this outcome and remain in federal court, Alfa Mutual devotes almost its entire brief in opposition t this motion to dismiss to a discussion of the location of Jones Stephens' principal place of business, arguing that this principal place of business is Pottsville, Pennsylvania. This may be true but the plaintiff's argument overlooks the dual nature of corporate citizenship and the plain language of § 1332, which states: "a corporation shall be deemed to be a citizen of any State by which it has been incorporated ***and*** of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1) (emphasis added). Thus, regardless of the location of Jones Stephens' principal place of business, Jones Stephens is also a citizen of Alabama for diversity purposes because it is incorporated in Alabama. See Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 104 (3d Cir. 2015) ("A corporation is a citizen *both* of the state where it is incorporated and of the state where it has its principal place of business") (internal quotations and citations omitted). Given the fact that Alfa and Jones Stephens share Alabama citizenship by virtue of their mutual incorporation in that state, regardless of whether Jones Stephens may also be a citizen of some other state, complete diversity does not exist in this case because the plaintiff and the defendant are both citizens of Alabama.

Therefore, this Court lacks jurisdiction to preside over this claim as a matter of law and the defendant is entitled to have this action dismissed.[1]

## V. Conclusion

For the foregoing reasons, IT IS ORDERED that the defendants' motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure be GRANTED. An appropriate order shall follow.

Submitted this 1st day of August 2019.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

---

[1] While this statutory limit on diversity jurisdiction deprives this court of subject matter jurisdiction, this fact does not mean that the parties are without legal recourse. Quite the contrary, the courts of Alabama are a forum that is available to these two Alabama corporations. Those courts stand ready to address the merits of this intra-state legal dispute.